1  JOSEPH P. RUSSONIELLO, CSBN 44332
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Chief, Civil Division
3  ILA C. DEISS, NYSBN 3052909
   Assistant United States Attorney
4  450 Golden Gate Avenue, Box 36055
   San Francisco, California, 94102
5  Telephone: (415) 436-7124
   Fax: (415) 436-7169
6  E-mail: ila.deiss@usdoj.gov

7  JAMES CHANG
   Certified Student Attorney
8

9  Attorneys for Respondents

10               UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13 FERNANDO MORENO MENDEZ and MARIA
   DEL CARMEN MORENO GOMEZ,           )  No. C 10-2471 TEH
14                                    )
             Petitioners,              )
15                                    )  **STIPULATION TO HOLD CASE IN**
        v.                            )  **ABEYANCE; AND [PROPOSED] ORDER**
16                                    )
   JANET NAPOLITANO, Secretary,       )
17 Department of Homeland Security;   )
   TIMOTHY AIKEN, Field Office Director, )
18 Immigration and Customs Enforcement; )
   and ERIC HOLDER, JR., Attorney General )
19 of the United States,              )
                                      )
20          Respondents.              )
                                      )
21 _____

22     Petitioners, by and through their attorney of record, and Respondents, by and through their

23 attorneys of record, hereby stipulate, subject to approval of the Court, to vacate the June 21, 2010

24 hearing on the motion for a stay of removal and to hold this case in abeyance for sixty days in light

25 of the following:[1]

26 _____

27     [1] Habeas petitions filed in *Hernandez Perales v. Napolitano*, et al., C 09-6028, before the
   Honorable Susan Illston and *Garcia v. Chertoff*, et al, C 08-5729, before the Honorable Jeremy
28 Fogel, are currently held in abeyance for the same reasons.

   STIPULATION TO HOLD CASE IN ABEYANCE
   C 10-2471 TEH

1    (1) Petitioners filed a motion for a temporary restraining order, a motion for a stay of removal and this habeas petition on June 4, 2010, alleging that they had received ineffective assistance of counsel from three of their former attorneys after the issuance of final administrative orders by the Board of Immigration Appeals (BIA).

(2) Respondents are prepared to file a motion to dismiss the habeas petition because Petitioners have not exhausted their administrative remedies.

(3) In *Pal Singh v. Napolitano*, Appeal No. 07-16988, the parties expect the United States Court of Appeals for the Ninth Circuit to resolve the issues of whether the BIA has jurisdiction over and whether a district court may properly require exhaustion of administrative remedies, if any, in cases where, as here, the alleged ineffective assistance of counsel occurred after the entry of the alien's final removal order and where, as here, the petitioners seek only re-issuance of the BIA's order or orders under the holding in *Singh v. Gonzales*, 499 F.3d 969 (9th Cir. 2007).

(4) The Ninth Circuit held oral argument in *Pal Singh* on January 13, 2009, but has not yet issued an opinion. On August 11, 2009, the Ninth Circuit issued the following order:

> The case is remanded to the Board of Immigration Appeals for the limited purpose of ruling upon whether the Board had jurisdiction to hear Singh's ineffective assistance of counsel claims and what effect, if any, the Attorney General's recent opinion in *In re Compean*, 25 I & N Dec. 1, 3 (A.G. 2009), has on this case. The Board shall advise the court of any action or decision.

*Pal Singh v. Napolitano*, 577 F.3d 988 (9th Cir. 2009) (Order).

(5) On April 30, 2010, the BIA advised the Ninth Circuit that, *inter alia*, it might have had jurisdiction to hear the applicant's ineffective assistance of counsel claim if it had been advanced in a motion to reopen. *See Pal Singh*, No. 07-16988, dkt entry 43.

(6) The parties believe it would be prudent to await the Ninth Circuit's decision in *Pal Singh* before filing any further briefing in the above-entitled matter and, accordingly, ask this Court to vacate the June 21, 2010 hearing date of the motion for a stay and to hold this case in abeyance for a period of sixty days.

///

///

STIPULATION TO HOLD CASE IN ABEYANCE
C 10-2471 TEH                                                2

| | |
|---|---|
| Date: June 8, 2010 | Respectfully submitted, |
| | JOSEPH P. RUSSONIELLO<br>United States Attorney |
| | /s/<br>ILA C. DEISS<br>Assistant United States Attorney<br>Attorneys for Respondents |
| Date: June 8, 2010 | /s/<br>JAMES TODD BENNETT<br>Attorney for Petitioner |

## [PROPOSED] ORDER

Pursuant to stipulation, IT IS SO ORDERED that:

(1) The June 21, 2010 hearing on the motion to stay removal is vacated;

(2) This case will be held in abeyance of period of sixty days;

(3) Respondents agree not to remove Petitioners until after the conclusion of these habeas proceedings;

(4) If and when the United States Court of Appeals for the Ninth Circuit issues a decision in *Pal Singh v. Napolitano*, Appeal No. 07-16988, the parties shall promptly notify the Court;

(5) The parties shall submit a status report to this Court on July 9, 2010.

IT IS FURTHER ORDERED that the motion to stay is vacated as moot. Pursuant to the above, Respondents shall not remove Petitioners while these habeas proceedings are pending.

Dated: __06/09__, 2010

THELTON E. HENDERSON
UNITED STATES DISTRICT COURT

*[Seal: United States District Court, Northern District of California — Judge Thelton E. Henderson]*

STIPULATION TO HOLD CASE IN ABEYANCE
C 10-2471 TEH                3