1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  ILA C. DEISS (NYSBN 3052909228971)
   Assistant United States Attorney
4
5      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
       Telephone: (415) 436-7124
6      FAX: (415) 436-7169
       ila.deiss@usdoj.gov
7
   Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FERNANDO MORENO MENDEZ and MARIA DEL CARMEN MORENO GOMEZ, | No. C 10-2471 TEH |
| Petitioners, | **JOINT STATUS REPORT** |
| v. | |
| JANET NAPOLITANO, Secretary of Homeland Security; TIMOTHY AIKEN, Field Office Director, Immigration and Customs Enforcement; and ERIC HOLDER, JR., Attorney General of the United States, | |
| Respondents. | |

Petitioners, by and through their attorney of record, and Respondents, by and through their attorneys of record, hereby submit this joint status report.

(1) Petitioners filed a motion for a temporary restraining order, a motion for a stay of removal and this habeas petition on June 4, 2010, alleging that they had received ineffective assistance of counsel from three of their former attorneys after the issuance of final administrative orders by the Board of Immigration Appeals (BIA).

(2) One issue in this case is whether or not this Court can and should require the petitioners to exhaust alleged administrative remedies in habeas proceedings, if any, by presenting their ineffective assistance of counsel claims to the BIA by way of an administrative motion to reopen.

(3) In *Rajinder Pal Singh v. Napolitano*, Appeal No. 07-16988, the parties expect the United States Court of Appeals for the Ninth Circuit (hereinafter Court of Appeals) to resolve the issues of whether the BIA has jurisdiction over and whether a district court may require exhaustion of administrative remedies, if any, in cases where, as here, the alleged ineffective assistance of counsel occurred after the entry of the alien's final removal order and where, as here, the petitioners seek only re-issuance of the BIA's order or orders under *Amarjeet Singh v. Gonzales*, 499 F.3d 969 (9th Cir. 2007).

(4) The Court of Appeals held oral argument in *Rajinder Pal Singh* on January 13, 2009, but has not yet issued an opinion.

(5) On August 11, 2009, the Court of Appeals issued the following order:

> The case is remanded to the Board of Immigration Appeals for the limited purpose of ruling upon whether the Board had jurisdiction to hear Singh's ineffective assistance of counsel claims and what effect, if any, the Attorney General's recent opinion in *In re Compean*, 25 I & N Dec. 1, 3 (A.G. 2009), has on this case. The Board shall advise the court of any action or decision.

*Rajinder Singh v. Napolitano*, 577 F.3d 988 (9th Cir. 2009) (Order).

(6) When the case was remanded to the BIA, the BIA asked the parties to file briefs on the issues that had been remanded to it by the Court of Appeals and the parties submitted briefs as directed by the BIA.

(7) On April 30, 2010, the BIA issued a decision in *Matter of Rajinder Pal Singh*, Case No. A071 789 054, which responded to the questions that were posed to it by the Court of Appeals. A copy of the BIA's decision is attached to this joint status report.

(8) The BIA and the parties have provided the Court of Appeals with a copy of the BIA's decision for its consideration.

(9) Rajinder Pal Singh filed a motion with the BIA on June 1, 2010, asking for reconsideration of its April 30, 2010 decision and has given notice to the Court of Appeals of the pending motion to reopen.

(10) The parties continue to believe it would be prudent to await the Court of Appeals' decision in Rajinder Pal Singh before filing any further briefing in the above-entitled matter and,

accordingly, ask this Court to hold this case in abeyance for an additional sixty days, until September 9, 2010. In the event the Court of Appeals issues a decision in the interim, the parties will promptly notify the District Court and submit a proposed briefing schedule on the habeas petition.

(11) Respondents agree not to remove Petitioners until after the conclusion of these habeas proceedings in compliance with the District Court's order of June 9, 2010.

Date: July 9, 2010        Respectfully submitted,

JOSEPH P. RUSSONIELLO

United States Attorney

/s/

ILA C. DEISS

Assistant United States Attorney

Attorneys for Respondents

Date: July 9, 2010        /s/

JAMES TODD BENNETT

Attorney for Petitioner

The parties shall file a joint status statement on or before September 9, 2010.

**IT IS SO ORDERED**

Judge Thelton E. Henderson

07/12/10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA