IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FERNANDO MORENO MENDEZ
and MARIA DEL CARMEN
MORENO GOMEZ,

          Petitioners,

v.

JANET NAPOLITANO, et al.,

          Respondents.

NO. C10-2471 TEH

ORDER DENYING MOTION TO DISMISS

      This matter comes before the Court on Respondents' motion to dismiss, currently scheduled for hearing on December 6, 2010. After carefully reviewing the parties' written arguments, the Court finds oral argument to be unnecessary, and the December 6, 2010 hearing is hereby VACATED. Respondents' motion is DENIED for the reasons discussed below.

      The Court need not examine the long procedural history presented by this case to resolve the pending motion. It is undisputed that Petitioners are under a final order of removal, and that their habeas petition raises claims of ineffective assistance by counsel after the final removal order was issued.

      Respondents acknowledge that "a district court has jurisdiction to consider a petition for a writ of habeas corpus brought by a person in custody pursuant to an order of removal, where the petition is not a direct challenge to an order of removal," Mot. at 4 (citing *Singh v. Gonzales*, 499 F.3d 969 (9th Cir. 2007)), but argue that the Court must dismiss this petition because Petitioners "ultimately do seek to challenge the removal order that has already been reviewed by the Ninth Circuit Court of Appeals." Reply at 4. Petitioners' ultimate goal, however, is not the dispositive issue. In *Singh*, as in this case, the petitioner claimed ineffective assistance by counsel after issuance of a final removal order. The Ninth Circuit

held that Singh's claim "cannot be construed as seeking judicial review of his final order of removal, notwithstanding his ultimate goal or desire to overturn that final order of removal." *Singh*, 499 F.3d at 979.  As in *Singh*, the petition in this case does not seek review of the final removal order; instead, "[a]s an adequate remedy, petitioners request an order of remand directing the [Board of Immigration Appeals] to reissue its original March 6, 2006 decision and order, thereby permitting petitioners to file a timely petition for judicial review as to the underlying removal proceeding order, or exercising voluntary departure." Pet'n ¶ 39.  This was the same remedy at issue in *Singh*: "Singh's only remedy would be the restarting of the thirty-day period for the filing of a petition for review with [the Ninth Circuit]." *Singh*, 499 F.3d at 979.  Thus, under *Singh*, this Court has jurisdiction over this case.

Respondents also urge the Court to dismiss the petition for failure to exhaust administrative remedies, citing the recently decided *Singh v. Napolitano*, 619 F.3d 1101 (9th Cir. 2010), for support.  In that case, Singh, like Petitioners here, "alleged ineffective assistance [that] occurred after a final order of removal has been entered." *Id.* at 1103.  The Ninth Circuit held "that Singh did not exhaust his available administrative remedies because he did not first file a motion to reopen with the Board before bringing his habeas petition in district court." *Id.* at 1105.  However, Respondents do not dispute that the mandate has yet to issue, thus making the decision non-final. *United States v. Foumai*, 910 F.2d 617, 620 (9th Cir. 1990) ("A court of appeals may modify or revoke its judgment at any time prior to issuance of the mandate, sua sponte or by motion of the parties.  Thus, finality of an appellate order hinges on the mandate. . . .").  The Court finds it would be premature to dismiss this petition based on a non-final decision by the Ninth Circuit.

Perhaps in recognition of the non-final nature of *Singh*, Respondents' reply abandoned reliance on that case and instead argued that the Court lacks jurisdiction under *Puga v. Chertoff*, 488 F.3d 812 (9th Cir. 2007).  *Puga*, however, is distinguishable because the alleged ineffective assistance of counsel in that case "occurred prior to and during the removal proceeding," *id.* at 815, and not, as in this case, after the final order of removal had issued.

2

1    Accordingly, with good cause appearing, Respondents' motion to dismiss is DENIED.
2 Within fourteen days of the issuance of the mandate in *Singh v. Napolitano*, the parties shall
3 file a stipulated briefing schedule on this petition unless they are able to resolve this case
4 prior to that date without further litigation.

6 **IT IS SO ORDERED.**

8 Dated:   12/01/10

   THELTON E. HENDERSON, JUDGE
   UNITED STATES DISTRICT COURT